Chief Justice Robertson
deLv'-red the Opinion of the Court.
Justice Nicholas did not .si in this case.
Jones, the appellant, sold to Waggoner 100 acres of land, for $200 in property — and gave him two covenants, one for a special warranty conveyance of the title, the other for a reimbursement of the consideration, with legal interest, in property, in the event of an eviction bv paramount title. Waggoner paid a part of the price, and gave his bond for the residue. Sometime afterwards Jones made a deed to Waggoner for the land, containing a warranty against himself and all persons claiming under him, but without any covenant to refund, in the event of an eviction by a stranger. Higgins — a remote alienee — having been evicted bv an ejectment, by a stranger, obtained a judgment against Waggoner’s administrator for damages,, in an action of covenant, on the privity of estate, for a breach of a covenant of Warranty in Waggoner’s deed, to bis immediate alienee; and Jones, the appellant, having also obtained a judgment against the same administrator, upon the bond for the resida *145 of the consideration, which Waggoner had covenanted to pay him for the land, this suit in chancery was thereupon instituted by the administrators, to enjoin the judgment which Jones had obtained.---Higgins, and the heirs of Waggoner were made defendants with Jones.
If two cove-”ants he <le6 and ave con-’ ¡diluent parts of tl>e -jik. co.-.si'Jorati<?n suptaias o°e mer^-d in ¡he other when oasis-Ó™ tragic to^ ry.
Covenant to °n eiictl0n b’ paramount title, covenant- or has notice of pendency oí ejectment and eviction by title superior to his, he is liable to damages.
*145 After detailing the foregoing facts the bill alleged the insolvency of Jones — averred a failure of the consideration of the covenants on which his judgments had been rendered — and suggested that Higgins and the heirs of Waggoner were ail willing that Jones’ liability for damages, on his covenant to refund should be set oft'against his judgment. Higgins and the heirs gave their consent (in their answer) to such a decree. Jones, in his answer did not respond to the allegation of insolvency, but insisted that the covenant to refund was without consideration — that it was merged in the subsequent conveyance — that the eviction was not a paramount title, and that the circuit court had no jurisdiction.
But, upon the final hearing, the injunction which had been awarded, was perpetuated — and this appeal is prosecuted to reverse that decree.
Two questions, comprehending every subordinate point arising in the case, will be briefly considered.
1st Is Jones liable on the covenant to refund?
3d. Had the circuit courtjurisdiction?
I. The covenant seems, from the proof, to have been delivered on the same day when the covenant for a conveyance was given, and it appears that the two covenants were integral parts of the same re* gestae. There was, therefore, a sufficient consideralion for both covenants.
The conveyance was made in compliance with the covenant for a title — contains nothing inconsistout with the other covenant, and is not superior to it in dignity. Wc are, consequently, not. authorized to infer that this latter covenant was merged in the conveyance, or that the parties intended that the latter should waive or extinguish the former. Speed’s executors vs. Harm, I. Monroe.
It appears not only that Jones had notice of the pendency of the ejectment, but also that the eviction was in consequence of a title superior to his.
Through a partv'may not have a those who * Imvpright sent, he ohtabic right,'1'"" and may ’ maintain a eery to°on-force it. *
Wherefore, Jones must be considered liable to damages, on his covenant to refund.
IT. Two general objections to the jurisdiction have been urged.
1st. That the administrators have no right to any damages which may be assessed on the covenant. to refund.
2d. That, if they have such right, the remedy was complete at law — and that a set-off should not be decreed, until after the damages had been assessed in a trial at law.
Neither of these objections should prevail.
I. The counsel for Jones insists that, if he be liable to damages on his covenant to refund the consideration to Waggoner, the covenant is real, and runs with the land; and, therefore, that either Higgins or Waggoner’s heirs, in consequence of their privity, would have the legal right to damages; but that, if Higgins would not be entitled to them, the appellees would have no legal right to them; because the covenant was not broken until after the death of Waggoner.
We shall not now consume time by discussing the character of the covenant — for if it be such an one as would pass, by privity, to the alienee or heirs of ^aggoner, his administrators have an equitable right to them, as Higgins and the heirs, in their an-consent that they may be set off against the appellants judgment. Such a substitution would obviously just, because the administrators are trustees for the heirs, and have been subjected by Higgias to a judgment for damages for a breach of Waggoner’s covenant of title. If Higgins could sue on the appellant’s covenant to Waggoner, his right to do so would be only a collattoral security to his judgment against the appellees — and it would be proper that he should be required in equity to waive his right to sue the appellant for damages, and to permit the appellees to he substituted. So that, were it even conceded that the appellees have iio legal right to the damages for which the appellant may be liable, they have obtained a clear equitable right to them, and would therefore have a right to maintain their bill in chancery.
Chancellor having possession of a case, by injunction, will do justice between the parties, (he insolvency of the defendant being admitted, he will decree a set off against his’' judgment ut iaw of damages growing out of breacji of covenant, and being fixed by the contract and the law he will assess them.
Hopkins, for plaintiffs; J'in Ilenry, for defendants.
II,- If the appellees had a legal right to the damages for which relief is sought by the u, the admitted insolvency of the appellant gave jurisdiction to the chancellor, who, when he had pos-ersion of the case by injunction, had a right to retain it, ami give full and final redress, by decreeing a set-off ami any other relief that was proper; and who, for that purpose, had a right to assess the damages for breach of the covenant, without the intervention of a jury, the criterion being fixed by the contract and the law.
Wherefore, whether the right of the appellees to the damages be legai or not, the chancellor had jurisdiction:
And, therefore, as the decree seems to be just and proper, it is affirmed.